Good morning. May it please the court, I am Mark Wagner and I represent the appellate. I would like to reserve three minutes for rebuttal. In 2015 this court reversed an MSJ which dismissed a case on a discovery sanction. It remanded for the district court to consider two issues, whether the non-compliance regarded willfulness and bad faith and the availability of lesser sanctions. Now at this point we're appealing an MSJ and a Rule 60, unfortunately based on another untimely filing, which I understand this court's frustration, but if we look at the law... I'm sympathetic to the district court's frustration as well. This case has been going on for quite some time. And I understand that I wasn't involved in any of the trial court cases and it's not acceptable what happened, but that being said I don't think the district court followed the law of this circuit, which is what happened the first time, despite the district court's frustration. I'll start with the MSJ. Unfortunately it was filed a couple... opposition was filed a few days late. Relief was sought through a declaration and the district court apparently ignored it, which was an abuse. But eventually at some point the district court was faced with this MSJ and was required to consider the five-factor test, which included Malone, which has a three-factor test, whether lesser sanctions were available. That was the key issue in the MSJ. We're not disputing the first factor. Within Malone there's three factors. Did the district court explicitly discuss less drastic sanctions? Did the district court ever implement sanctions? Or the district court failure to warn? Absent egregious situation, these three tests must be filed. None of them were. If you look at the court's ruling in 2013 and in 2017, the court, the district court, never ever ever discussed any other sanction. Never said, oh I could find money, I could... there's a whole list of that Malone court list. He never discussed one of them in any of the orders. In 2013 the court, the district court, just dismissed the case as an immediate discovery sanction, which is why it was reversed. That's what happened again now. No other lesser sanctions were implemented at any point. Well this was... the second time around though, it's not a discovery... was it a discovery sanction? Well that's the issue. The district court basically said let's have an MSJ on the two issues that this court issued a mandate. There was never reopening discovery, there was never a status conference, it was let's go look at those two. And what the court says is, oh I look at lesser sanctions. At that point the court was supposed to consider the three-factor test in Malone, but never implemented. Just said I found lesser sanctions won't work and just dismissed the case again. And so the court never said these are some alternatives and I reject them. The court never said this is what I'm trying and I've tried it and it didn't work. He never tried it. He dismissed it the first time. This court said no that's not okay and he just said oh I think it works and dismissed it again. And he never said... I don't think he has to try it first. He has to explain why lesser sanctions wouldn't be adequate in the case. Which was not discussed. I agree the court was required to do it and the three factors look at all three of them and he didn't do any of them because at no point he said well this is what I'm doing. I'll give you 30 days to do discovery. If you don't disclose the damages, I'm dismissing the case. Give a warning. What the district court did is look back at 2013 and said I think my ruling was right then. Dismissed without any discussion, any warning, any implementing of lesser sanctions. The other problem is... In one of the orders the district court indicated that there's been... there by the deadline. So this case started in 2012. In 2013 discovery deadline passed. No damages discovery. And the district court in one of its orders said still even even on remand there wasn't evidence of damages. Ultimately what does it matter? Well and I'll address that first. The issue was the issue on remand had nothing to do with damages. The issue was was lesser sanctions available. This was a discovery exclusion dismissal. At some point on appeal this with the Rule 60 issue the then court said well it doesn't matter because there's no damages evidence. But this court originally went back and said well no just because there was no damages disclosure you can't throw out the case. Which means that they had to give them an opportunity to remedy that situation. The district court didn't say let's have a CMC, let's open discovery, let's you have an opportunity now to disclose the late time damage evidence. Or but you don't need damages evidence through documents. There's no law that says it only has to be through documents. So the district court then didn't open that issue. The district court said my only issue is this lesser sanction issue. Is it correct that to date there's been no documentary damages disclosed but what you're saying is that we could show it some other way through testimony or I suppose in a breach of contract try to argue for nominal damages or something along that line? Well initially in the original attorneys from years and years ago said that they disclosed evidence that they believed to be documentary that supported damages. The defendants argued that it is not supporting of damages and the district court when looking at an unopposed MSJ agreed. So I think at this point new damages documents have to be disclosed so I agree it wasn't a hundred percent done but there's been no opportunity in the last five years to do that once this went up and went back down because the court just jumped back on to the two factors without saying okay I'll give you the opportunity or tell me what your damages are in the declaration or who's your testimony because that had nothing to do with the MSJ. On the rule 60 the court says well whether I made a mistake or not it doesn't matter you have no damages evidence as of now but that had nothing to do with the MSJ so it's improper to after the fact and then go back and say well this has nothing to do with sanctions this has to do with whether you have damage or if it's just moving the ball which was not fair at that point. The other problem is the look at other cases look no doubt my client and their clients have been involved in a handful of lawsuits but what the district court did when the defendant submitted it is said okay well you missed a deposition in this case in the state court with a different lawyer and a different party I'm not talking about the same parties different entities and then they said oh well this entity they're related entities I'm not going to dispute that but the district court then said well these related entities had different issues in this other state court and in another case years ago this had this happen and so the district court was saying well okay I just find that you just don't follow the rules but was considering other cases years before and also considered actions that happened years after the disclosure if he's looking back and say well in 2013 there was no I find my decision was fine in the first place how can you look at what happened three years later it's unreasonable to think that your conduct three years later in a different case with a different lawyer and a different entity will be held against a different party a different entity different lawyers in a different case and so the Ninth Circuit is made clear when a district court considers evidence other prior discovery evidence it has to be of the same type of nature otherwise it's an abuse of discretion and there are plenty of cases that say that no cases said and we can consider it by different entities with different lawyers and different parties in other cases every single one of the cases I cited the district court didn't cite any and the defendants I could not find a case where that where it was proper to consider evidence in other cases and other cases with other parties that just happen to be related that's the point of corporations are different just because you're related any doesn't mean that in a state court case outside of the federal that years before years after should be considered so I think the district court by not considering less never discussed it I've read these orders a hundred times it was never explicitly discussed never tried and you don't do damage as evidence within two minutes I'm sorry within two weeks so unless you're in this court well I'm gonna reserve my rebuttal time and get to the rule 60 issue but it seems like we're focusing on that but just quickly on that everybody agrees the pioneer factors were supported so the court should have given an opportunity for the MSJ opposition to be considered except for he said oh I look at the merits no Ninth Circuit court has approved that in every Ninth Circuit case that has come out and district court has said the Ninth Circuit does not look at the merits therefore that should not have been a factor and therefore the rule 60 should have been granted the MSJ opposition should have been considered and again it had nothing to do with damages the issue was the sanction so the lack of damages on the MSJ op is irrelevant because the MSJ opposition had nothing to do with damages I'll reserve my time for a little unless you have any more questions you good morning may it please the court Daniel Cotman for appellees I'd like to respectfully submit that the appellant in this case elevates form over sure this court will the very fact that there's no damages evidence is dispositive and in the interest of judicial efficiency judge Wright should be permitted to make that kind of a judgment they argue that they never had a chance to present evidence but if you look at what judge Wright did in his December 17th 2015 order he said here the court finds that it would be aided in spreading the mandate by a rebriefing of the issues and by presentation of any additional relevant or clarifying evidence he asked them to bring all evidence he could have just simply taken on remand considered our in our sales talked about the availability of lesser alternative sanctions and been done with it he did not do that he reopened the the matter so that they could a full rebriefing could happen and even in opportunity they didn't come forward with any evidence so that's why I say their arguments elevate form over substance when you start looking at the form and the nuances with respect to what their arguments are it's it's saying they didn't apply our in our sales correctly meaning the judge didn't explicitly discuss the availability of alternative sanctions they cite them alone opinion which talks about a preference for those being discussed but there's no explicit requirement for such discussions and here where the judge has a history with the parties and it's a long but there has to be some yardstick you know them to measure abuse of discretion if he doesn't do that what should we go by well I would say that he tried lesser sanctions in this case by reopening the matter and letting a full rebriefing happen what wasn't a full rebriefing if he limited the motion for summary judgment and I'm reading the portion where you're reading the court finds will be aided by rebriefing of the issues and by the presentation of additional relevant or clarifying evidence accordingly defendant shall file a revised motion for summary judgment on only the issues that the Ninth Circuit has instructed the court to consider on remand so those issues would be consideration of availability lesser sanctions and whether the conduct was willful or in bad faith so was that an open invitation to Tory reflect to come forward with the damages evidence that it originally failed to produce I believe so and if you look at that what the judge did consider although they make big hay of the fact that their opposition was excluded for for lateness the reply brief which we filed includes their damages evidence and judge Wright's order looks at it and considers it and found finds it insufficient what about judge Wright's reliance on abuse or misconduct from other cases is there a case that supports consideration there you have a case that you can cite to me I do not have a specific case I can cite to you what I can tell you there is no law that supports that is it well looking to other conduct in other cases keep in mind that the conduct in the other case I mean this is not a you know I'm this is not a state bar disciplinary proceeding it's you know moving this case forward right I understand that but the the conduct that he was looking at was the preceding case to this case in his very same courtroom with the very same parties so what the second case was about is a breach of the settlement that was from the first case so he knows these parties well there was a litany of various malfeasances listed by us a very good chunk of those is from the my argument is that that's a sufficient basis even if it's not a sufficient basis he still looked at the conduct that happened here which is that they filed a late brief that they didn't disclose any documents that they you know exhibited in his courtroom there's nothing in the record is there that he one of the Malone factors is you know whether or not lesser sanctions would be how the district court explains whether lesser sanctions are or not sufficient he doesn't he mean the district court doesn't address that at all does he he explained in his order why he believed they wouldn't work based on his experience with the parties show me where it is his order you have to give me a minute to gather in your honor while your time's running you might as well move on to something else I think my point is that my read of Malone is that explicit discussion isn't required it's preferred and even if judge Wright didn't explicitly discuss such it's a preference not a requirement the other issue is is if you look at you know rule 60 B his denial there was proper because the language of rule 60 B is that the court may relieve a party so he did the pioneer factors follow up on judge Tashima's question because I want to make sure that that I understand the record the district court gave an explanation of why it thought lesser sanctions would be inadequate and my issue with this case is whether that shows proper consideration of the alternative of lesser sanctions the as a deterrent because of the party's continued disregard for the federal rules of civil procedure and that's on the last page of his summary judgment order so that's the analysis but in concluding that the party's continually disregarded the federal rules of civil procedure the district court seemed to rely on other cases as establishing a pattern of disregard for discovery rules and court rules such as filing summary judgment late and so forth so that then gets back to the question of whether it's proper to consider other cases I think he considered more than other cases I think he considered the conduct in his own courtroom if you look at some of what he cites there's also the conduct that happened in his own courtroom with respect to this case which is one no documents were ever produced not a single document to they filed their opposition late he saw the same pattern of conduct he saw before so while he referenced prior cases in his from his courtroom I don't think his ruling was based solely upon just the conduct of prior cases it was also based on the conduct here one of the most commonly considered lesser sanction for discovery violation exclusion is exclusion of that evidence so instead of dismissal of the case which is the ultimate punitive sanction he could have said okay well if you didn't produce evidence of damages then I'm not going to permit late disclosure and then the parties can either you know proceed to briefing on summary judgment with what they have or proceed to trial without the or with inadequate damages evidence was there any discussion of considering that particular sanction there's no explicit discussion by him of that particular sanction what he did parties any requests by the parties they did not file a single document request or make any effort to to disclose the additional damages evidence that was brought in on the motion for summary judgment in their opposition initially past the past the fact discovery cutoff did you ask for that as a lesser sanction we did not the judge looked at that evidence and fully considered it I recognized that excluding that evidence would have been an option but it would have been back to form over substance it would have gotten them to the same result which is that it was insufficient evidence to prove damages where do you get this notion that Malone factors are only a preference and not a from the opinion your honor I mean I do I have it right here it says and I'll read it into the record we have indicated a preference for explicit discussion what page of the opinion sorry your honor it's page 5 page 5 is that 833 fed 2nd page 5 is that what you mean 3 fed 2nd 128 128 yeah okay go read it to me we have indicated a preference for explicit discussion by the district court of the feasibility of alternatives when ordering dismissal but that's not a itself a holding after all the opinion goes on to just you know a couple pages discussing the five factors and furthermore it depends on Thompson Thompson doesn't say it's a preference of night size Thompson for these factors right Thompson doesn't say these are preferences are they and not and not requirements it says we have never held no Thompson he's citing people versus Ria's here so what you're saying is the your position is that the district courts failure to consider the five factors explicitly is not a ground for reversal that's your position my position is that he was not required under this precedent to discuss the availability of lesser sanctions explicitly well lesser sanctions is just one of the five factors isn't it are you referring to the pioneer test your honor I'm referring to the five factors that are you know set forth in in Malone right Malone said the district court must weigh five factors in determining whether to dismiss the case for failure for you to comply with the court order it goes on to list them citing Thompson right in the fifth one is the availability of less drastic sanctions right and but that's not the only one you know he didn't discuss a lot of the other he didn't discuss factor for instance the public policy favoring disposition of cases on the merits why shouldn't this case be decided on the merits he didn't discuss that did he that's correct I mean which one did he discuss because Malone says explicitly a explicitly discuss them no no I don't understand why you turn that into just a preference you know you know judge can do it judge can't do it it makes the case meaningless to me you yeah I understand your point your honor all right yeah go ahead I think I'm out of time so I I'll have to go let it rest at that unless you have any more questions I'm just gonna briefly address it Malone was not a preference that is just simply not correct it's required unless there's an egregious situation for example fraud in the court in Hamilton in countless cases they talk about it is an abuse of discretion and at no point is it's a preference but the consideration of those factors are required but in Hamilton lit it explicit discussion may not be required well first of all the five-factor test that originally came from Wanderer the court did not discuss it the lesser sanction which is number five then gets into three parts in in Hamilton Convert says we hold it was an abuse of discretion for the district court to dismiss the action without considering right that's what I'm saying consideration is required explicit discussion is preferred but may not be required and I believe countless cases talk about explicit discussion is required unless there's a narrow exception that explicit discussion is required it's not just a consideration that is in exceptional circumstances it's not required but is and I don't know that where does that statement come from what case well that was the Hamilton copper case but I've started reasonable exploration of possible meaningful alternative is required failure to explicitly consider lesser explicitly consider means you have to not just say it in your head it has to be discussed otherwise and again the Hamilton copper case talks about it the Hughes aircraft discuss it failure to explicitly consider less drastic sanctions is a fatal flaw in the district court's decision to dismiss as a sanction so it is not a preference and then back to the other point it was not an open invitation to disclose damages the district court made clear I am want briefing on this limited issue limited issue related to the lesser sanctions and the two issues from this mandate it was not oh let's talk about damages and I don't believe it was an invitation to just start dropping in other things back to the point I have found and nobody has cited a case that says consideration of conduct in state cases by other entities by other parties with other judges can be considered defendants point out oh well some of it was from this case well that's insufficient how do we know what if he considered one thing from this case and throughout the other 20 things maybe the court would have acted differently also again considering even things from this case years ago there's no way that you can know and have due process thinking well in a case that was finalized and dismissed well my conduct from that two years or three years or four years later will be considered because I happen to be back here again on a separate lawsuit it was not the same case up and down a remand it was just a separate it happened to be the same judge but no case says that and the point is that due process requires you to understand that my conduct in this case may affect this case let me ask you one question about 60 B okay it says that your side did not submit any evidence regarding a dispute of material fact as to whether it failed to produce documents I assume that refers to the at I believe the rule 60 order is looking back at the MSJ order and saying at that time it was not disputed and setting to their statement of facts so by accepting the rule 60 he's looking back on an MSJ order that made clear that the opposition wasn't considered and therefore well they the part they read from the judge rates order on summary judgment was that you should submit evidence this question at the time you beef summary judgment is that is that if I understand your question correctly when the judge was ruling on a 60 B and said I find pioneer he was saying okay forget about that let's look at the merits and they went back and looked at the MSJ and said let's look at the merits but at the time he wrote the MSJ order the court said I'm not considering it unopposed their position is well when it was opposed even if it was untimely they should have put in all the damages evidence and my point is what I want to ask you is you did after there was a two-day delay it was two days late then right after that eight days I think there was some kind of an affidavit and the affidavit referred to evidence it could be submitted could be seen what evidence we committed submitted but the avenues in the opposition were not on the issue of damages because the briefing and the MSJ had nothing to do with the damages if you read the MSJ order forgetting about that it was late it never talks about damages it does not address damages when we get to the rule 60 and he says okay I have to now consider he was well it doesn't matter because there's no damages evidence but at no point in the mandate from this court the instructions to the defendants to file the MSJ the MSJ briefing or the looking at the rule 60 B and says okay they are relieved from the mistake of being a few days late let's look it back at it and says okay I have to grant leave but it doesn't say it did say that it would be helpful to the court if you brief any additional relevant or clarifying evidence so that was your opportunity to say hey dismissal is a really drastic remedy there's lesser alternatives this is our evidence of damages and that's why it's so drastic to do dismissal but despite opposing the summary judgment late you still didn't come up with evidence of damages and the court the district court was swayed by that so what's what's wrong with that the district court said hey I'm getting this case back from the Ninth Circuit the Ninth Circuit said I erred in failing to consider less drastic alternatives brief it bring the evidence forward so that I can now explicitly consider the evidence of district court said would you you really wouldn't wouldn't on the merits anyway I'm not going to say that this thing was handled perfectly it wasn't me but that's part of the district courts frustration that everybody's passing back oh it was my paralegal Oh prior counsel failed to disclose evidence and at some point it's got to end I agree but the MSJ issue if the issue is only about lesser sanctions I understand your point you could have talked about damages but the court's order was clear any evidence related to these two issues it's made clear these are my only two issues I'm willing to get into and so damages was not in it whether you have damages is irrelevant to the question whether leather set what whether lesser sanctions are available that they just have nothing to do with each other the court if you read the MSJ order granted he didn't say I'm granting it because there's no damages he granted it because I find lesser sanctions don't work then when he got to the rule 60 everybody briefed it then his order said oh it doesn't matter I'm adding a new test which has never been cited in the Ninth Circuit and has been rejected by this new Ninth Circuit says okay let's by the way there's no damages well that wasn't briefed up they weren't given opportunity because that's not a factor considered and the Ninth Circuit in multiple opinions have rejected that factor so he's going back and looking at it retroactively saying this had nothing to do with damages I didn't ask for damages I didn't dismiss based on damages you're right I should have considered that opposition oh but it doesn't matter there's no damages in that opposition well it would never have been in that opposition because it wasn't the issue and the last one is I honestly I can't tell you offhand but I would just add is he said there's no evidence of damages and documents okay that's fine even if the court said I'm going to dismiss all you cannot use any documents for damages there's nothing preventing a witness from talking these are my damages Jerry could say yes judge could say no but just to hold as a matter of law because I throw out these documents therefore there are no damages which was not the issue brief not requested and not discussed again due process the judges are considering other issues yeah didn't like this case and wanted it gone and was saying okay nevermind no damages but where's the rule that if you don't have documents you have no damages that's just not the law and it wasn't briefed and he didn't ask for brief and he specifically said this is not the issue I don't think you can have a rule 60 ruling back looking at an MSJ on an issue not briefed not the MSJ is the MSJ ruling had does not mention the damages at all and therefore the rule 60 considering the MSJ cannot be based on a different issue without giving them an opportunity to brief it and he didn't and they point out they submitted all the damages evidence on reply another violation you cannot submit hundreds or thousands of pages on a reply to an MSJ without giving the other side an opportunity to say oh you have another opportunity they've just admitted it it's put in the brief thank you very much
judges: Reinhardt, Tashima, Nguyen